CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 25 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, | ) |
| Plaintiff, | ) Civil Action No. 5:09-CV-00013 |
| v. | ) MEMORANDUM OPINION |
| SAMUEL AND JODI SMITH, | ) |
| Defendants. | ) By: Samuel G. Wilson |
| | ) United States District Judge |

Pro se Plaintiff Thomas L. Switzer, proceeding in forma pauperis, brings this action for injunctive relief and damages against Defendants Samuel and Jodi Smith ("the Smiths"), who were awarded permanent custody of Switzer's son. Switzer alleges that the award of custody violates his constitutional rights under 28 U.S.C. § 1983, and he also seeks to void an emergency protective order that prohibits him from accessing his son's academic and health records. The court grants Switzer's application to proceed without prepayment of fees, but dismisses his complaint because Switzer has not stated a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B) (providing that a court may "at any time" dismiss an in forma pauperis case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Switzer's complaint does not detail the facts surrounding his claims, and the court references a recent Court of Appeals of Virginia decision to provide the necessary context. The Virginia Department of Social Services removed Switzer's son from his home in 1996, and the Augusta County Circuit Court awarded permanent custody of the child to the Smiths in 2000. Switzer v. Fridley, No. 0345-08-3, 2009 WL 435797, at *1 (Va. Ct. App. Feb. 24, 2009). The

Court of Appeals of Virginia rejected Switzer's constitutional objections and affirmed the judgment. See Switzer v. Smith, No. 0779-00-3, 2001 WL 855580 (Va. Ct. App. July 31, 2001). In early January 2008, the child's Guardian *ad litem* moved for an emergency protective order in the Augusta County Circuit Court to prohibit the release of the child's academic and health records to persons other than those having legal and physical custody of the child. Switzer v. Fridley, 2009 WL 435797, at *1. The Circuit Court granted the emergency protective order, and a certified copy of the order was mailed to Switzer. Switzer appealed, but because he took no action to develop a record, the Court of Appeals of Virginia summarily affirmed. Id. at *2-3. In this court, Switzer seeks to void the permanent award of custody to the Smiths, as well as the emergency protective order.[1]

Switzer, having lost at trial and on appeal, now asks this court to void the final judgments of the Virginia state courts. The Rooker-Feldman doctrine bars such collateral relief. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Under this doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Switzer's challenges to the state proceedings are therefore dismissed because the court may not hear collateral attacks on state court judgments, where the actions of the state court can be reviewed and corrected under

---

[1] Switzer has previously challenged his custody dispute in this court; each time, this court has dismissed his complaint. See Switzer v. Filson, No. 5:01cv00068 (W.D. Va. Sept. 6, 2001); Switzer v. Commonwealth, No. 5:00cv00013 (W.D. Va. May 23, 2000).

the state's own appellate court procedures.[2]

Because Switzer's claims are barred by the Rooker-Feldman doctrine, the court dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Enter: This 25th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Switzer contends that the emergency protective order is not entitled to full faith and credit and therefore void because the Circuit Court did not follow the procedures mandated by Virginia law. Regardless of the validity of this argument, it was Switzer's obligation to marshal this argument, as well the necessary evidence that supported it, when he appealed the Circuit Court's decision to the Court of Appeals of Virginia. As that court noted, "Switzer took no action . . . to make a record and obtain a transcript or signed written statement of facts." Switzer v. Fridley, 2009 WL 435797, at *2.